UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-00273-RJC

| USA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| JULIET NANETTE LITTLEJOHN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon motions of the defendant requesting that the Court modify its sentence. (Doc. Nos. 130, 131, 132, 133, 134, 140, 141, 142, 144).

The defendant has been persistent in requesting that the Court grant jail credit for 13 months she spent in pretrial detention and order her federal sentence to run concurrently with a subsequent state probation violation. According to information provided by the defendant, her bond in this case was revoked after she surrendered to state authorities on the probation violation. She came into federal custody at the county jail on February 23, 2011, and was released from federal custody on February 16, 2012, at the same location. (Doc. No. 100: Executed Writ). The judgment entered on February 28, 2012, is silent about jail credit and whether the sentence was concurrent to any other sentence. (Doc. No. 98: Judgment). The defendant states that she was sentenced for the state probation violation on March 16, 2012, to 5 years concurrently with the federal sentence. (Doc. No. 144: Motion at 1).

The defendant provides no legal authority for the Court to modify its judgment, which became final years ago, to grant jail credit and order the federal sentence concurrent to a subsequent state sentence. It is the responsibility of the Attorney General, through the Bureau of

Prisons, to compute jail credit. United States v. Stroud, 584 F.3d 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)).  If a defendant is not given the sentencing credit she thinks she deserves, her recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement, Id., which in this case is the Southern District of West Virginia.  Additionally, multiple terms of imprisonment imposed at different times run consecutively unless the judgment states otherwise. 18 U.S.C. § 3584(a).

**IT IS, THEREFORE, ORDERED** that the defendant's motions are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the United States Attorney, and the United States Marshals Service.

Signed: December 17, 2015

Robert J. Conrad, Jr.
United States District Judge